UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
HAVANA CHELSEA LUNCHEONETTE, INC.,

    Plaintiff

    - against -

THOMAS VICARI, individually, and doing business as, or a principal in the business known as "CHELSEA HAVANA," and HAVANA CHELSEA, INC.,

    Defendants.
------------------------------------------------------------X

ECF

Civil Action No.
08 CV 0260 (NRB)

## DEFENDANTS THOMAS VICARI and HAVANA CHELSEA INC.'S ANSWER TO COMPLAINT

Defendants, Thomas Vicari and Havana Chelsea Inc. by and through their undersigned attorneys, hereby answer the Complaint of Plaintiff Havana Chelsea Luncheonette, Inc. as follows:

1. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint and accordingly deny the same.

2. Defendants deny the allegations in paragraph 2 of the Complaint, except admit that Thomas Vicari is a citizen and resident of New York.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants aver that the allegations of paragraph 5 are legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations of paragraph 5 of the Complaint.

6. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 6 of the Complaint and accordingly deny the same.

7. Defendants lack knowledge and information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint and accordingly deny the same. Defendants further state upon information and belief that the HAVANA CHELSEA mark is not currently in use.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint, except admit that a photograph is attached to the Complaint as Exhibit A.

11. Defendants deny the allegations in paragraph 11 of the Complaint, and defendants "specifically deny that plaintiff has any protectable trade dress rights.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit that they received a letter dated June 26, 2007 and refer to the letter for its contents and meaning. Defendants deny that they failed to respond to the letter or remove signage or any website bearing the term Havana Chelsea. Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations and accordingly deny same.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

### FIRST CAUSE OF ACTION
**(Trademark Infringement and False Designation of Origin)**

15. Defendants repeat each of the foregoing answers in paragraphs 1-14 as though fully set forth herein.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

## SECOND CAUSE OF ACTION
### (Trade Dress Infringement)

22. Defendants repeat each of the foregoing answers in paragraphs 1-21 as though fully set forth herein.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

## THIRD CAUSE OF ACTION
### (False Advertising)

25. Defendants repeat each of the foregoing answers in paragraphs 1-24 as though fully set forth herein.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Unfair Competition)

28. Defendants repeat each of the foregoing answers in paragraphs 1-27 as though fully set forth herein.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Violations of Sections 133, 135 of New York's General Business Law)

32. Defendants repeat each of the foregoing answers in paragraphs 1-31 as though fully set forth herein.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Defendants
Thomas Vicari and Havana Chelsea, Inc.

Marc P. Misthal (MM 6636)
Yuval H. Marcus (YM 5348)
270 Madison Avenue
New York, New York 10016
(212) 684-3900
mmisthal@grr.com
ymarcus@grr.com

By: /s/ Marc P. Misthal
  Marc P. Misthal

Dated: February 25, 2008
  New York, New York

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Defendants Thomas Vicari and Havana Chelsea's Inc.'s Answer to Complaint, have been sent via first class U.S. mail, postage paid on the 25th day of February, 2008, to counsel for the parties addressed as follows:

> John A. Dalley, Esq.
> 521 Fifth Avenue, 28th Floor
> New York, New York 10175

I further certify that I caused the foregoing documents to be filed electronically with the U.S. District Court for the Southern District of New York on February 25, 2008 through the Court's ECF System.

/s/ Marc P. Misthal